IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ALFREDO C. DELACRUZ ) <br> MELISA D. DELACRUZ ) <br> ) <br> *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> U.S. BANK NATIONAL ASSOCIATION ) <br> AS TRUSTEE FOR RASC 2005-EMX4, ) <br> WELLS FARGO BANK, N.A., a.k.a. ) <br> AMERICA'S SERVICING COMPANY ) <br> ) <br> *Defendants*. ) | C.A. NO. <br><br><br> CIVIL COMPLAINT <br><br><br><br><br> JURY TRIAL DEMAND |

### INTRODUCTION

1. This complaint seeks a declaratory judgment that an assignment of Plaintiffs' Mortgage to U.S. Bank National Association, as Trustee for RASC 2005-EMX4 (the Trust) is void *ab initio*. As such, the Trust is not the valid mortgagee and lacks the authority to foreclose at all times relevant to a purported foreclosure sale of the Plaintiffs' rightful property and said foreclosure sale is therefore void and without force and effect.

2. The Plaintiffs' pray that this Honorable Court declare any foreclosure sale and any attempted foreclosure sale invalid and void, and enjoin the Defendants' from proceeding with any eviction action against Plaintiffs' pending a determination by this Court verifying the validity of the underlining sale, and quiet the title of said property by declaring Plaintiffs' the owners of said property.

### JURISDICTION AND VENUE

3. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and the matter in controversy exceeds $75,000.00 exclusive of interest and costs, and because the Defendants are citizens of States outside of the State of Rhode Island.

1

4. Plaintiffs' further aver that the Court has redressible claims over the matters in this complaint pursuant to the following statutes:

   a. Plaintiffs', pursuant to 42 U.S.C. § 1983 claims loss of state property rights to redeem their mortgage from an unauthorized foreclosure advertiser without a judicial hearing.

   b. Plaintiffs' claim ownership of the latter described premises and seeks to clear their title of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

   c. Plaintiffs' claim that only they have marketable title to the premises pursuant to the provisions of R.I.G.L. § 34-13.1-5, to wit, nine (9) years of ownership of the fee interest.

   d. Plaintiffs', as mortgagors, may seek to redeem, pursuant to R.I.G.L. § 34-26-1, the mortgage note and mortgage deed from the actual mortgagee, or lawful assignee of the mortgage deed and note.

   e. Plaintiffs' claim a judicial determination pursuant to R.I.G.L. § 9-30-2 whether the deed to the premises is affected by any conveyance of another person in the chain of title.

## PARTIES

5. Plaintiffs, Alfredo C. and Melisa D. Delacruz, are residents of and claim to be the owners of real property located at 26 Aventine Avenue, Providence, Rhode Island 02940 ("Subject Property").

6. Defendant, U.S. Bank ("US Bank"), is located 4801 Frederica Street, Owensboro, KY 42301 and is the Trustee of RASC 2005-EMX4, a Pass-through Real Estate Mortgage Investment Conduit (REMIC), formed under the Laws of New York.

7. Defendant Wells Fargo Bank, N.A., also known as America's Servicing Company, is a residential mortgage servicing and banking related services company. Defendant Wells Fargo Bank, N.A. is located at 420 Montgomery Street, San Francisco, CA 94163.

# FACTS

8. Plaintiffs, Alfredo C. and Melisa D. Delacruz ("DELACRUZ"), became the owners of the property located at 26 Aventine Avenue, Providence, Rhode Island 02904 on July 22, 2005. The Deed granting DELACRUZ the property was recorded in the Land Evidence Records of the City of Providence in Book 7436 Page 103.

9. On July 22, 2005, DELACRUZ executed a mortgage which they believed was to Mortgage Lenders Network USA Inc. and which identified Mortgage Lenders Network USA Inc. as the Lender and Mortgage Electronic Registration Systems, Inc. (MERS) as mortgagee, solely as nominee for Lender (the "Mortgage"). The Mortgage to DELACRUZ allegedly secured a loan to DELACRUZ in the amount of $238,400.00. The Mortgage was recorded in the Land Evidence Records of the City of Providence in Book 7436 at Page 106.

10. On or about November 17, 2005, the RASC 2005-EMX4 trust closed. Plaintiff alleges that the Trust is a common law trust formed under the Laws of New York.

11. On or about February 17, 2006, U.S. Bank, as Trustee for the RASC 2005-EMX4 trust (a common law trust formed under the laws of New York), could no longer accept the transfer of assets (i.e. mortgages) as such an act would cause the Trust to lose its status as a REMIC trust under the Internal Revenue Code (See; 26 U.S.C. § 860D-F) and would be deemed in contravention of the Trust (See; N.Y. EPTL § 7-2.4).

12. On or about May 13, 2009, an purported Assignment of Mortgage was recorded purporting to transfer the DELACRUZ Mortgage from MERS to US BANK. ("First Assignment"). The alleged First Assignment was recorded in the Land Evidence Records of the City of Providence in Book 9413 Page 258.

13. On or about November 14, 2011, an alleged Assignment of Mortgage was recorded purporting to transfer the DELACRUZ Mortgage from MERS to US BANK. ("Second Assignment"). The alleged Second Assignment was recorded in the Land Evidence Records of the City of Providence in Book 10124 Page 273

14. Plaintiffs' allege that both assignments of the mortgage were in contravention of the trust as it was made after the closing date of the Trust, and is ineffective and void *ab initio*.

16. On or about May 15, 2014, U.S. Bank, and Wells Fargo foreclosed the Plaintiffs' mortgage and sold their property at foreclosure auction..

17. Plaintiffs' allege that U.S. Bank and Wells Fargo lacked the authority to foreclose as the assignments of the mortgage to the Trust are void *ab initio*.

18. Plaintiffs' allege that the Trust is a common law trust formed under the Laws of New York, and had a closing date on or about November 17, 2005.

19. Plaintiffs' allege that the assignments of the mortgage were in contravention of the trust as they was made after the closing date of the Trust, and are ineffective and void. "Under New York Trust Law, every sale, conveyance or other act of the trustee in contravention of the trust is void. (See; N.Y. EPTL § 7-2.4). Therefore, the acceptance of the note and mortgage by the [Trust] after the date the trust closed, would be void." (*Wells Fargo Bank, N.A. v. Erobobo* (N.Y.Sup.Ct. 2013) 39 Misc.3d 1220(A) [2013 WL 1831799, p. *8]; see *Levitin & Twomey*, *Mortgage Servicing,* 28 Yale J. on Reg. at p. 14, fn. 35 [under N.Y. law, any transfer to the trust in contravention of the trust documents is void].) Relying on *Erobobo,* a bankruptcy court recently concluded "that under New York law, assignment of the Saldivars' Note after the start up day is void *ab initio.* As such, none of the Saldivars' claims will be dismissed for lack of standing." (*In re Saldivar* (Bankr. S.D.Tex., Jun. 5, 2013, No. 11-10689) 2013 WL 2452699, p. *4.). (See Also; *Glaski v. Bank of America*, 218 Cal. App. 4th 1079 - Cal: Court of Appeal, 5th Appellate Dist. (2013)).

20. Plaintiffs' allege that the attempted assignments of the mortgage to the Trust is an act in contravention of the Trust due to the adverse tax consequence of the Trust losing its status as a REMIC trust under the Internal Revenue Code, and is therefore void *ab initio*.

21. As such the Trust lacked the authority to foreclose and the foreclosure proceedings are also invalid, void, and without force or effect.

## COUNT I
## INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT

22. The Plaintiffs' hereby reincorporate paragraphs 1 – 21 as if they were fully articulated herein.

23. Defendant U.S. Bank, as Trustee for the RASC 2005-EMX4 trust has no properly assigned interest in the property, the mortgage or note and, thus, has no standing to foreclose upon the mortgage.

24. There are no valid Assignments to U.S. Bank, as Trustee for the RASC 2005-EMX4 trust, which are duly acknowledged or executed in accordance with R.I.G.L. 34-11-1.

25. U.S. Bank, as Trustee for the RASC 2005-EMX4 trust has abused the use of the foreclosure process knowing that it did not have a valid assignment of the note and mortgage, and as a result the Plaintiffs' have suffered compensable damages.

26. Plaintiffs' are being irreparably harmed by the actions of the Defendants.

27. Plaintiffs' have no other remedy at law but to seek the relief requested herein.

28. The Equities of the matter favor the Plaintiffs'.

29. Public Policy matters favor the Plaintiffs'.

**WHEREFORE**, Plaintiffs' pray for the following relief:

a. Determine that the Assignment of Mortgage to U.S. Bank, as Trustee for the RASC 2005-EMX4 trust is void;

b. Determine that there are no proper assignments of record with regard to the mortgage;

c. Order that U.S. Bank, as Trustee for the RASC 2005-EMX4 trust, has no interest in the subject property;

d. Temporarily, preliminarily and permanently restrain and enjoin U.S. Bank, as Trustee for the RASC 2005-EMX4 trust and Wells Fargo, who claim to have a superior right to title, from commencing and/or completing any further foreclosure actions or eviction actions against the Plaintiffs or Plaintiffs' tenants pending a trial on the merits of the Plaintiffs' complaint;

  e. Award the Plaintiffs' compensatory damages against the Defendants for their wrongful slander of title and abuse of process in a sum to be determined by a trier of fact;

  f. Award legal fees and costs;

  g. Award punitive damages;

  h. Award such other relief as this Court deems just and proper.

**COUNT II**
**QUIETING TITLE**
**RHODE ISLAND GENERAL LAW §34-16-5**

30. The Plaintiffs' hereby restate and reincorporate paragraphs 1 – 29 as if they were fully articulated herein.

31. The real estate as issue is located at 26 Aventine Avenue, Providence, Rhode Island 02940.

32. U.S. Bank, as Trustee for the RASC 2005-EMX4 trust claims to have an interest in the property pursuant to void Assignments of Mortgage.  The address of U.S. Bank, as Trustee for the RASC 2005-EMX4 trust is set forth hereinabove.

33. Defendant U.S. Bank, as Trustee for the RASC 2005-EMX4 trust, and Plaintiffs', both make claim to the interest in the aforesaid subject property.

34. Plaintiffs' claim title to the property pursuant to a Deed recorded on July 22, 2005.  The Deed granting DELACRUZ the property was recorded in the Land Evidence Records of the City of Providence in Book 7436 Page 103 granting the Property to Plaintiff.

35. Defendant U.S. Bank, as Trustee for the RASC 2005-EMX4 claims an interest adverse to Plaintiffs', by way of two void Assignments of Mortgage on May 13, 2009 and November 14, 2011, recorded in the Land Evidence Records of the City of Providence in Book 9413 Page 258 and Book 10124 Page 273, respectively.

**WHEREFORE**, Plaintiffs' pray for the following relief:

a. That judgment enters for them on this complaint regarding title to and ownership of the subject property that is subject of this claim;

b. That the Court find as a matter of law that the owners of this property are Alfredo C. and Melisa D. Delacruz;

c. That this Court enters an order quieting title to this property by entering an order that the fee related thereto belongs to Alfredo C. and Melisa D. Delacruz;

d. That the court or other trier of fact, order the Defendants to pay Plaintiffs' damages which it deems appropriate; and

e. That the Court or other trier of fact award Plaintiffs' costs, including reasonable attorney's fees.

## COUNT III
## BREACH OF DUTY OF GOOD FAITH AND REASONABLE DILIGENCE

36. Plaintiffs' repeat and reincorporate paragraphs 1-35 above as if fully articulated herein.

37. As the entity responsible for exercising the statutory power of sale, Defendant U.S. Bank, as Trustee for the RASC 2005-EMX4 trust, and Wells Fargo owed the Plaintiffs' a duty of good faith and fair dealing in the conduct leading up to the foreclosure proceedings and sale.

38. By conducting foreclosure proceedings without having the authority to do so, the Defendants' U.S. Bank, as Trustee for the RASC 2005-EMX4 trust and Wells Fargo violated this duty.

39. The Plaintiffs' were damaged by these breaches of duty including without limitation, Los of real property, loss of equity, lost opportunities to work-out his mortgage delinquency, and by imposition of inappropriate foreclosure fees and costs on their account.

40. Plaintiffs' suffered severe and extreme emotional and mental distress as the direct result of Defendants' U.S. Bank, as Trustee for the RASC 2005-EMX4's, and Wells Fargo's actions.

41. The Plaintiffs' are entitled to a declaratory judgment determining that the foreclosure sale of is property is void.

42. The Plaintiffs' are entitled to an injunction preventing the foreclosure sale of his property or any enjoining eviction action by the Defendants'.

43. The Plaintiffs' are entitled to cancellation costs and fees assessed to him for wrongful foreclosure, together with additional damages.

**WHEREFORE**, Plaintiffs' respectfully request that this Honorable Court grant the following relief:

  i. Declare that U.S. Bank, as Trustee for the RASC 2005-EMX4 trust is not the mortgagee, owner or holder of the Plaintiff's subject mortgage, as there exists no valid assignment which could have transferred title to said Mortgage;

  ii. That any foreclosure sale conducted by the Defendant U.S. Bank, as Trustee for the RASC 2005-EMX4 trust, and Wells Fargo be declared void;

  iii. Injunctive relief staying Defendants' from proceeding with any eviction actions against the Plaintiffs' or Plaintiffs' tenants;

  iv. Declare that the Plaintiffs', Alfredo C. and Melisa D. Delacruz, are the owners of the Property;

  v. Award the Plaintiffs' money damages from Defendants for all damages including but not limited to attorneys' fees, actual costs and charges regarding foreclosure, emotional and mental distress, punitive damages, and such further relief as is just and equitable;

  vi. Injunctive relief staying any foreclosure sale and/or eviction action regarding the Property so that this case may adequately be heard prior to an unjust foreclosure and or eviction; and

  vii. Such other relief this Court deems fair and just.

June 24, 2014

                    Respectfully Submitted, Plaintiff,
                    Alfredo C. and Melisa D. Delacruz,
                    by their Attorney,
                    Todd S. Dion,

                    <u>/s/ Todd S. Dion</u>
                    Todd S. Dion Esq. (6852)
                    1599 Smith Street
                    North Providence, RI 02911
                    401-639-4330 Phone
                    401-639-4331 Fax
                    toddsdion@msn.com